UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-01320-JLS-JDE     Date: September 30, 2019
Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                          Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER: (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 14) AND; (2) DECLINING TO ADDRESS DEFENDANT'S MOTION TO DISMISS (Doc. 9)**

Before the Court are two motions, Plaintiff Nicole Hughes's Motion to Remand (MTR, Doc. 14) and Defendant Too Faced Cosmetics, LLC's Motion to Dismiss (MTD, Doc. 9). Defendant Too Faced opposed the Motion to Remand (MTR Opp., Doc. 16) and Plaintiff did not file a reply. Plaintiff opposed the Motion to Dismiss (MTD Opp., Doc. 18) and Defendant Too Faced replied (MTD Reply, Doc. 19). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for October 11, 2019, at 10:30 a.m., is VACATED. For the following reasons, the Court GRANTS Plaintiff's Motion to Remand, and DECLINES TO ADDRESS Defendant's Motion to Dismiss.

## I.     BACKGROUND

Hughes is a California resident and was formerly employed as an Accounts Receivable Specialist by Defendant Too Faced. (FAC ¶¶ 1, 10, Doc. 1-4.)
Hughes's mother was diagnosed with cancer on July 1, 2016 and thereafter "required long-term medical care assistance from [Hughes] to carry on her daily activities." (*Id.* ¶ 11) Hughes notified her supervisor, Tricia Telford, of her mother's diagnosis and the need to provide assistance to her mother. (*Id.*) Hughes also notified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01320-JLS-JDE                                              Date: September 30, 2019
Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al.

Telford that she would be re-locating her mother from Alaska to Orange County, California and requested that she be permitted to leave work up to two hours early several days a week to accompany her mother to medical treatments. (*Id*.) Hughes was initially granted the requested accommodation. (*Id*. ¶ 12.)

On approximately August 2, 2016, Defendant Emily Roe, an individual employed in a supervisory capacity in Too Faced's human resources department, and Too Faced CFO Lauren Barret met with Hughes and Telford to discuss Hughes' "tardiness" at work. (*Id*. ¶ 13.) At this meeting Hughes was notified that her prior request for intermittent leave under the California Family Rights Act was not approved and that her absences would be treated instead as unauthorized tardiness from work. (*Id*. ¶¶ 13, 17.) Following this meeting, Hughes was terminated[1] by Too Faced due to her repeated tardiness. (*Id*. 15.)

Hughes alleges that the provided grounds for her termination were pretextual and that she was fired in retaliation for taking protected family care leave under the Federal Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"). (*Id*. ¶ 16.) Hughes had notified Too Faced of her mother's medical condition, provided all required documentation establishing the existence of the condition and her need to provide her mother with care, and requested intermittent leave to provide that care. (*Id*. ¶ 18.) Hughes alleges that Defendants' subsequent conduct constituted intentional, discriminatory harassment and retaliation. (*Id*. ¶ 19.)

On July 20, 2018, Hughes filed the instant action against Defendant Too Faced in Orange County Superior Court. (Compl., Doc. 1-4.) On May 24, 2019, she filed her First Amended Complaint, which included Emily Roe as an additional defendant. (FAC.) The First Amended Complaint alleges the following causes of action: 1) discrimination on the basis of association with a disabled person in violation of Cal. Gov. Code § 12926(o); (2) harassment in violation of California Fair Employment and Housing Act under Cal. Gov. Code § 12900 *et seq.*; (3) failure to provide reasonable accommodations in violation of Cal. Gov. Code § 12940(m); (4) violations of the CFRA under Cal. Gov. Code § 12945.2 *et seq.*; (5) retaliation for requesting an accommodation and taking protected CFRA leave under Cal. Gov. Code § 12940(h) *et seq.*; (6) failure to take all

---

[1] At approximately the same time, Telford was also terminated by Too Faced. (FAC ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01320-JLS-JDE                                    Date: September 30, 2019
Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al.

reasonable steps to prevent discrimination and retaliation in violation of Cal. Gov. Code § 12940(k); (7) violations of Cal. Labor Code § 233; (8) violations of Cal. Labor Code § 234; and (9) wrongful termination in violation of public policy under Cal. Gov. Code §§ 12940, 12945.2. (*See* FAC ¶¶ 26-113.) Each claim is brought against Defendant Too Faced, while the only claim brought against Defendant Emily Roe is the second claim, for harassment in violation of California Fair Employment and Housing Act ("FEHA") under Cal. Gov. Code § 12900 *et seq.* (*Id.*) Hughes seeks compensatory and punitive damages, and attorneys' fees and costs. (*See Id.* at Prayer for Relief.)

On July 3, 2019, Defendant removed the action to this Court. (Notice of Removal, Doc. 1.) On August 2, 2019, Hughes filed her Motion to Remand. (MTR at 1-2.)

## II.     **LEGAL STANDARD**

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). That is, a fraudulently joined "sham" defendant's presence in the lawsuit is "not relevant for purposes of [determining]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01320-JLS-JDE                                      Date: September 30, 2019
Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al.

diversity jurisdiction.".  *United Comput. Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002).

"Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "In the Ninth Circuit, a non-diverse defendant is deemed a [fraudulently joined] sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted) (emphasis added), and "the failure is obvious according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, may a district court retain jurisdiction. "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon v. Allstate Indemnity Co.*, No. 11-cv-05538-GAF (PJWx), 2011 WL 3439272, at *2 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

The Court's assessment of "disputed questions of fact" may look to the factual record beyond the pleadings. *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 F.2d at 1339 ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Moreover, the "party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" due to the "general presumption against fraudulent joinder." *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing *Hunter*, 582 F.3d at 1046). In conducting this analysis, "[t]he Court will not entertain what amounts to a motion for summary judgment guised as a question of removability." *Flores v. ABM Industry Groups, LLC*, 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018). Rather, the plaintiff need only show that there are some facts—even if disputed—that support a conceivable legal theory of liability against the non-diverse defendant. *Id.*; *Ritchey*, 139 F.3d at 1318 (noting that the key inquiry is "whether the plaintiff truly ha[s] a cause of action against the alleged sham

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-01320-JLS-JDE | Date: September 30, 2019 |
| Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al. | |

defendants . . . [and not] an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action").

### III.  DISCUSSION

The parties dispute whether Emily Roe qualifies as a fraudulently joined "sham defendant" as well as the sufficiency of Hughes' workplace harassment claim against her. (*See* MTR at 3-9; MTR Opp. at 5-9.)  Hughes argues that she has brought a valid claim against Roe, a non-diverse defendant domiciled in California, and accordingly, the case must be remanded for a lack of diversity jurisdiction.  (MTR at 9-10.)

####   A.  Service on Non-Diverse Defendant

Defendant asserts that because Roe has not been served the Court should disregard her citizenship for the purpose of ruling on the Motion to Remand.  (MTR Opp. at 4.)  That is incorrect.

It is true that, under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  And Hughes has not filed with the Court proof that she has served Emily Roe in connection with this litigation.  Hughes admits that she has not yet served Roe, as she has attempted to do so but was unsuccessful.  (MTR at 1; Flynn Decl. ¶ 2, attached to MTR, Doc. 14-1.)

However, courts, including the Ninth Circuit, generally have not found that Congress intended to expand federal removal jurisdiction with the inclusion of the "properly joined and served" language in § 1441(b). *Khasan v. Ghasemi*, No. CV 10-00543 MMM (CWx), 2010 WL 1444884, at *2 (C.D. Cal Apr. 5, 2010) (collecting cases that arrive at this conclusion); *see, e.g.*, *Preseau v. Prudential Insurance Co.,* 591 F.2d 74, 78 (9th Cir.1979) (rejecting an argument that "§ 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served,").  "[A] court, in determining

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-01320-JLS-JDE | Date: September 30, 2019 |
| Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al. | |

the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." *Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1161 (8th Cir.1981)

Hughes is, and at all relevant times was, a resident of California. (FAC ¶ 1.) Too Faced is not a citizen of California,[2] but the parties do not dispute that Emily Roe is. Therefore, if Roe is a proper party to the litigation, her presence destroys complete diversity. (MTR at 1; MTR Opp. at 2.) This is true regardless of whether Hughes has yet to serve Roe.

## B. Emily Roe Is Not A Sham Defendant[3]

Cal. Gov. Code § 12940(j) makes illegal the workplace harassment of an employee and imposes liability for such activity upon both offending employers and employees. To establish a prima facie claim for harassment under FEHA, a plaintiff must allege: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment. *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 909-10 (E.D. Cal. 2017).

---

[2] Too Faced Cosmetics, LLC is Limited Liability Company. (Snyder Decl. ¶ 4, attached to Notice of Removal, Doc. 1-2.) "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). While, Estee Lauder Inc. owns 52% of Too Faced and Blush Holdings, LLC owns the remaining 48%, Estee Lauder Inc. is also the sole member of Blush Holdings, LLC. (*Id.* ¶ 4.) As Estee Lauder Inc. is incorporated under the laws of the state of Delaware and has its principal place of business in the state of New York, it is a citizen of those two states. 28 U.S.C. § 1332(c)(1); *see* Snyder Decl. ¶ 5. Thus, in turn, Too Faced is also a citizen of Delaware and New York.

[3] A plaintiff's motion to remand under 28 U.S.C. § 1447 is the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Leite v. Crane Company*, 749 F.3d 1117, 1122 (9th Cir. 2014). Where, as here, fraudulent joinder is at issue in such a motion, the Court may look outside the facts of the complaint to decide the matter. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, for the purposes of resolving Plaintiff's Motion to Remand, the Court considers the pleadings as well as the factual record developed thus far in the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01320-JLS-JDE                                    Date: September 30, 2019
Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al.

"The exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009). "[H]arassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Id*. Harassment typically consists of conduct that lies outside the scope of necessary job performance and is presumably engaged in for personal motives such as "personal gratification" or "meanness or bigotry." *Reno v. Baird*, 18 Cal. 4th 640, 646-47 (1998). "It is not the type of conduct necessary for management of the employer's business or performance of the supervisory employee's job." *Id*. at 647. Moreover, to be actionable, this conduct must rise to the level of pervasiveness and severity to create an objectively hostile or abusive work environment. *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal 4th 121, 130 (1999). In other words, it must be extreme enough to amount to a change in the terms or conditions of employment. *Id*. This analysis should be done from the perspective of a reasonable person situated in the same manner as the plaintiff. *Nazir v. United Airlines, Inc*, 178 Cal. App. 4th 243, 264 (2009).

Hughes acknowledges that the actions of Emily Roe and Lauren Barrett, in discussing with Hughes' her absences from work and later terminating her, would not seem to fall under the definition of harassment. (MTR at 5.) However, she argues that an examination of the total circumstances reveals that Defendants were not actually concerned with Hughes' tardiness from work and were simply in search of a pre-textual reason to fire her. (*Id*.) Hughes has stated that she notified her employer that her mother had a serious medical condition, thereby placing her within a protected group under Cal. Gov. Code § 12926(o). (FAC § 11.) She has alleged that she was subject to harassment by Defendants Too Faced and Roe because she belonged to this group. (*E.g., Id.* ¶¶ 16, 18-20, 27, 29, 38.) Hughes has also alleged that the harassment that she suffered due to Defendants' actions was "so severe and pervasive that it altered Hughes's conditions of employment." (*Id*. ¶ 30.) Accordingly, in the First Amended Complaint, Hughes has provided allegations that establish the three elements of a prima facie case for FEHA harassment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01320-JLS-JDE                                Date: September 30, 2019
Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al.

Too Faced contends that Roe is a sham defendant because Hughes's factual allegations are too thin to state a plausible claim against her. (MTR Opp. at 5.) Too Faced argues that Hughes has not alleged conduct by Roe that rises to the level of "severe and pervasive" harassment, that Roe acted in response to some personal motivation, or that Roe committed acts outside the realm of personnel management and employment matters. (*Id*. at 5-6.) However, Hughes has alleged that that when Roe and Barrett discussed the topic of Hughes' absences from work with her, they were harassing her and that by notifying her that the absences would be treated as "unexcused tardiness," they "continued to harass" her. (FAC ¶¶ 13, 15.) As Hughes puts it, this was impermissible FEHA harassment guised as a discussion of employment matters. (MTR at 7-8.)

Too Faced rightly suggests some of the allegations in the FAC, standing on their own, are fairly conclusory. (MTR Opp. at 5-6.) However, in connection with her Opposition, Hughes submitted a declaration providing further allegations of behavior by Roe that, viewed in Hughes's favor, sufficiently demonstrate that the conduct alleged in the FAC is part of broader pattern of workplace harassment. (*See* Hughes Decl., attached to MTD Opp., Doc. 18-1.) For example, Hughes states that Roe repeatedly attempted to humiliate Hughes in front of co-workers (*Id*. ¶ 6), consistently treated Hughes in a disparate manner as compared to other employees, and criticized Hughes. (*Id*. ¶ 7-8.) Further, Hughes attests that Roe's unfair treatment of her was recognized by her co-workers and rendered Hughes' workplace environment "very stressful." (*Id*. ¶ 9.) While Too Faced and Roe will assuredly dispute the contents of Hughes's Declaration, the facts contained therein more concretely suggest a cognizable legal theory of liability against Roe, and demonstrate that upon being granted leave to further amend her complaint, Hughes could cure any purported deficiencies. *Wilson-Condon v. Allstate Indemnity Co.*, No. 11-cv-05538-GAF (PJWx), 2011 WL 3439272, at *2 (C.D. Cal. Aug. 4, 2011).

As this Court noted in *Flores v. ABM Industry Groups, LLC et al.*, "the distinction between supervisor conduct amounting only to unlawful discrimination (which does not give rise to individual liability) and that which constitutes unlawful harassment (and does create individual liability) is intensely fact-driven and not at all obvious." No. 8:18-cv-01483-JLS-KES, 2018 WL 6428026, at *2 (C.D. Cal. Dec. 7, 2018). There, just as here, "Defendant has purportedly revealed a dearth of facts to support individual liability, but

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-01320-JLS-JDE | Date: September 30, 2019 |
| Title: Nicole Hughes v. Too Faced Cosmetics, LLC et al. | |

consideration of the weight and sufficiency of evidence is inappropriate to assess fraudulent joinder, which arises only from the obvious presence of a complete defense to recovery." Id. (citing *McCabe*, 811 F.2d at 1339; *Delaney v. Viking Freight, Inc*., 41 F. Supp. 2d. 672, 675-77 (E.D. Tex. 1999)).

After viewing the pleadings in conjunction with the factual record of this case, and resolving "all disputed questions of fact and all ambiguities in the controlling state law … in the [P]laintiff's favor," the Court is unable to find that Defendant has met its "heavy burden" of demonstrating that "[P]laintiff could not possibly recover against" Roe. *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011). Accordingly, the Court finds that Roe is not a sham defendant and her presence in the litigation must be considered for the purposes of determining diversity. Because Roe's presence eliminates complete diversity among the parties, removal by Too Faced was improper under 28 U.S.C. § 1441(b)(2) and Plaintiff's Motion to Remand is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court:

- GRANTS Plaintiff's Motion to Remand; and
- DECLINES TO ADDRESS Defendant's Motion to Dismiss.

This action is remanded to Orange County Superior Court, Case No. 30-2018-01006713-CU-WT-CJC.

Initials of Preparer: tg